Samuel Henderson (SBN: 279717)
Henderson Consumer Law
henderson@hendersonconsumerlaw.com
185 W. F St. STE 100-J
San Diego, California 92101
Tel: (760) 575-4594
Fax: (760) 688-3732

Attorney for Plaintiff,
Ruben Carrillo

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CARRILLO<br><br>                    Plaintiff,<br><br>     vs.<br><br>PERSOLVE, LLC, a limited liability company, and DOES 1 through 10, Inclusive,<br><br>                    Defendant(s). | Civil Action No.  **'17CV1941 CAB AGS**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br> • Violations of the Fair Debt Collection Practices Act<br><br>JURY TRIAL REQUESTED |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, Title 15 United States Code section 1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices when they attempt to collect a consumer debt.

## II. JURISDICTION AND VENUE

2.     Original Jurisdiction of this Court arises under federal question pursuant to Title 28 of the United States Code section 1331 and Title 15 of the United States Code section 1692(k).

3.     Venue is proper in the United States District Court, Southern District of California pursuant to Title 28 of the United States Code section 1391 for the following reasons: (i) Plaintiff resides in the county of San Diego, state of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business in this judicial district at all relevant times.

4.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.     At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-defendants and Defendants acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

## III. PARTIES

8.     Plaintiff, Ruben Carrillo (hereinafter "Plaintiff" or "Mr. Carrillo"), is a natural person, an adult, and resides in San Diego County, California, and was a resident of San Diego at the time of the acts complained of here.

9.     Defendants claimed that Plaintiff is obligated to pay a debt incurred for personal, family or household purposes, and therefore Plaintiff is a "consumer" as that term is defined by Title 15 U.S.C. § 1692(a)(3) of The FDCPA.

10.     Plaintiff is informed and believes that Defendant Persolve, LLC (hereinafter "Defendant Debt Collector") is, and at all times mentioned in this Complaint was, a Delaware limited liability company qualified to do business in California. Defendant Debt Collector's principal place of business is listed as 9301 Corbin Avenue, suite 1600, Northridge, California 91324.

11.     Plaintiff is informed and believes, and based thereon, alleges that Defendant Debt Collector is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6) of the FDCPA.

12.     The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

**VI.  JURY TRIAL DEMAND**

13.     Mr. Carrillo demands a jury trial.

**V.  FACTUAL ALLEGATIONS**

14.     Mr. Carrillo had a credit card that he used to purchase goods and services for himself.  Mr. Carrillo has never run a business, but has always worked for others for his income.

15.     Mr. Carrillo eventually defaulted on the credit card.  At that time he lived in on the 5th avenue of Escondido, California ("Escondido Address").

16.     In 2010 Mr. Carrillo obtained a PO Box (hereinafter "The PO Box"), located in Escondido, California, because he was going to be moving out of state. Mr. Carrillo then moved to Texas for a short time, moving back to California in late 2010, moving to an apartment in Vista, California.

17.     On May 27, 2011 Defendant Debt Collector filed a lawsuit against Mr. Carrillo ("State Lawsuit").

18.     In it, Defendant Debt Collector alleged that Mr. Carrillo defaulted on his Washington Mutual credit card and that Washington Mutual sold the account to Defendant Debt Collector.  In it's complaint, Defendant Debt Collector demanded $5,421.71, making this case a civil limited action subject to California Civil Code section 1033.  Defendant Debt Collector requested interest, attorney's fees and cost.

19.     Defendant Debt Collector allegedly had the summons and complaint served on a residence at 1707 E. Mardina St, West Covina, California 91791 on June 5, 2011.

20.     On June 5, 2011 Mr. Carrillo lived in an apartment on Terrace Drive in Vista, California.

21.     Mr. Carrillo had never lived in West Covina, California, nor does he have any connection to the Mardina street address.

22.     Defendant Debt Collector, based on service to a residence that had no connection to Mr. Carrillo, on an unknown Jane Doe, alleged to the court that it had properly served Mr. Carrillo.

23.     Defendant Debt Collector then moved to request a default judgment. Defendant Debt Collector provided a declaration of a Brian Comer that identified several documents.

24.     One such document was a Washington Mutual credit card statement which properly identified Mr. Carrillo's address as the Escondido Address.  The

statement had a closing date of January 18, 2008.  It also identified an amount due of $5,421.71.  The rate of interest identified was 28.34%.

25.     Defendant Debt Collector also included, as exhibit 4, a purported letter ("1033 Letter") sent to Mr. Carrillo that included language regarding fees and costs. On information and belief, a purpose of this letter was to comply with California Civil Code section 1033 so Defendant Debt Collector could legally request fees and costs.

26.     The 1033 Letter was dated December 11, 2008.  It had a balance due of "$10,957.47, plus interest".  It was addressed to Mr. Carrillo and claims to have been sent to The PO Box.  Mr. Carrillo did not obtain The PO Box until 2010.  Simply put, Defendant Debt Collector falsely represented that it send the 1033 Letter to Mr. Carrillo at an address that he did not have till almost two years after the alleged date of the letter.

27.     This is not the end of Defendant Debt Collector's false representations. That same letter also falsely represented the amount of the debt.  Even assuming that Defendant Debt Collector legally owned the consumer debt and had a right to charge 28.34% interest, the amount owed on the account at the time the 1033 Letter was allegedly sent would have been less than $7,000.  However, Defendant Debt Collector included an exhibit of its own accounting, showing a current amount due of $11,018.37 in 2011.

28.     On information and belief, Defendant Debt Collector was creating letters to allege compliance with California Civil Code section 1033 as part of its default judgment requests in order to obtain costs and fees, but used amounts and addresses currently identified in its own system.

29.     On all the proofs of service regarding the request for default judgment, Defendant Debt Collector allegedly sent the documents to the Mardina address.

30.     As a result of its false statements and allegations, Defendant Debt Collector received a default judgment, including interest for a time period when it did not own the account and court costs.

31.     On information and belief, Defendant Debt Collector was not assigned a right to request interest for the time periods it did not own the account.

32.     Mr. Carrillo never received any such 2008 collection letter nor had any knowledge of the State Lawsuit until 2017, when Defendant Debt Collector, for the first time, levied his bank account.

33.     This caused substantial stress on Mr. Carrillo, both for financial reasons and the underlying stress and anxiety of having unknown entities falsely obtain void judgments to steal his money.

34.     Mr. Carrillo filed a motion to set aside the default and default judgment along with dismissing the action.

35.     Defendant Debt Collector filed an opposition to that motion, making arguments relating to the length of time since the default judgment and the motion to set aside that default judgment.

36.     Defendant Debt Collector attached another alleged letter, dated December 11, 2011, that it alleged was sent to Mr. Carrillo informing him of the default judgment.  It was allegedly sent to The PO Box, even though all the prior paperwork regarding the lawsuit was sent to the Mardina address.  Mr. Carrillo never received this letter either.

37.     Defendant Debt Collector also included an alleged credit report ("Report"), obtained on April 7, 2011.  The Report, which was mostly redacted, identified multiple addresses, including the Mardina address, but several of the addressed were redacted.  It also falsely represented that Mr. Carrillo was married to a "Johnna".

38.     Defendant Debt Collector also included its process server request which identified Mr. Carrillo's home address as the Escondido Address but then identified a "business address" as the Mardina address.

39.     The process server then only attempted service at the Mardina address, even though the complaint proof of service identified it as a residence that required multiple attempts to even find a doe available to accept service.  No attempts were made at the Escondido Address.

40.     Judge Casserly, of the Superior Court of California San Diego, heard the motion and noted that the process server should have known that the address was not correct, as the Mardina address was listed as a business address but the process server knew it was a residence.  Judge Casserly also found that Mr. Carrillo acted diligently in is motion and granted the motion to set aside and dismiss the action for failure to serve Mr. Carrillo within the statutorily required time.

41.     On information and belief Defendant Debt Collector regularly acts either willfully or with reckless disregard in identifying proper addresses for defendants when suing on consumer debt.

42.     On information and belief, Defendant Debt Collector regularly delaying in attempting to collect on its default judgments, knowing that the lapse of time makes it much more difficult to get such default judgments set aside.

43.     As a direct and proximate result of the actions of the Defendants, Mr. Carrillo suffered damages.

## V.  FIRST CLAIM FOR RELIEF

### (Violations of the Fair Debt Collection Practices Act by Defendant Debt Collector)

44.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through forty-three above.

45.     Defendant Debt Collector violated the FDCPA.  Defendants violations include but are not limited to the following:

a. Violations of Title 15 United States Code sections 1692e, by making a false, deceptive or misleading misrepresentation in the collection of a debt;

b. Violations of Title 15 United States Code section 1692e(2)(A), by making a false representation of the character, amount, or legal status of any debt;

c. Violations of Title 15 United States Code section 1692e(5) by threatening to take an action that cannot legally be taken;

d. Violations of Title 15 United States Code section 1692e(10) by use of false representations or deceptive means to collect or attempt to collect a debt;

e. Violations of Title 15 United States Code section 1692f(1) by attempting to collect unauthorized amounts;

f. Violations of Title 15 United States Code section 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

g. Violations of Title 15 United States Code section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

46.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendant, as follows:

a. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

b. Attorney's fees;

c. Costs;

d.  Actual damages according to proof;

e.  Interest, if applicable; and

f.  Award Plaintiff any other relief as may be just and proper.

Respectfully submitted,

Date:  September 25, 2017                     /s/ Samuel Henderson
                                             Samuel Henderson
                                             Attorney for Plaintiff

COMPLAINT